UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEIDY AMPARO,<br><br>        Plaintiff,<br><br>  -against-<br><br>BT SYSTEMS, LLC, JOSEPH POVEROMO, JOHN DOES 1-10, and XYZ CORPS. 1-10,<br><br>        Defendants. | Case No. 1:23-cv-08773 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  On October 5, 2023, Leidy Amparo ("Plaintiff") initiated this action against BT Systems, LLC ("BT Systems") and Joseph Poveromo ("Poveromo") in his individual and professional capacities, as well as various unidentified individuals and corporations. ECF No. 1. ("Compl."). Plaintiff asserted claims under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and New York state law. Compl. ¶¶ 63-111. On November 21, 2023, BT Systems and Poveromo (together, "Defendants") filed a motion to compel arbitration. ECF No. 9. On January 5, 2024, Plaintiff and Defendants filed a document stating:

> This matter in difference being a Complaint and Jury Demand filed by the Plaintiff, Leidy Amparo, in the above-entitled action, and same matter in difference having been amicably adjusted by and between the Defendants, BT Systems, LLC, and Joseph Poveromo, in favor of binding arbitration under the rules of the American Arbitration Association (AAA), it is hereby stipulated and agreed by the attorneys for the respective Parties that the above action be dismissed without prejudice and without costs pursuant to F.R.C.P. 41(a)(1)(A)(ii), with the Court retaining jurisdiction over this matter to the extent issues arise pertaining to arbitration that may be properly brought to the Court for resolution.

ECF No. 15 at 1. Due to filing issues, this document was resubmitted two other times; the quoted portions of the document remained unchanged throughout. *See* ECF Nos. 16-17.

1

Usually, parties cannot settle FLSA claims without the approval of either a district court or the United States Department of Labor.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015) ("[A]bsent such approval, parties cannot settle their FLSA claims through a private stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)."); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022) (extending *Cheeks* to a *unilateral* dismissal *without* prejudice under Rule 41(a)(1)(A)(i)).  *But see Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 398 (2d Cir. 2019) ("[J]udicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims.").

"The rationale of *Cheeks*, however, is assurance of the fairness of a settlement of a claim filed in court, not a guarantee of a judicial forum." *Rodriguez-Depena v. Parts Auth., Inc.*, 877 F.3d 122, 124 (2d Cir. 2017).  Hence, a district court may dismiss a case involving FLSA claims to enable the parties to arbitrate their dispute.  *See id.*; *see also Samake*, 24 F.4th at 811 ("We therefore hold that the district court properly inquired as to the existence of any FLSA settlement, and the Rule 41(a)(1)(A)(i) notice of dismissal did not automatically divest the district court of jurisdiction.  Had a FLSA settlement existed, the district court would then engage in a *Cheeks* fairness review, but *in the absence of a settlement, the notice of dismissal should be so-ordered*." (emphasis added)).

The Court finds, based on the parties' representations, that no FLSA settlement presently exists.  Accordingly, "the notice of dismissal [is] so-ordered," *Samake*, 24 F.4th at 811, with one caveat.  The parties requested that "the Court retain[] jurisdiction over this matter to the extent issues arise pertaining to arbitration that may be properly brought to the Court for resolution." ECF No. 15 at 1.  But "[t]he law is settled that the filing of a notice of dismissal under Rule 41(a)(1)[A] automatically terminates the lawsuit." *Thorp v. Scarne*, 599 F.2d 1169, 1171 n.1 (2d Cir. 1979).  Accordingly, the Court does not "retain[] jurisdiction." ECF No. 15 at 1.  If the

parties had wished for the Court to retain jurisdiction, they could have sought a stay rather than voluntary dismissal, but they did not do so.  *Cf. Katz v. Cellco P'ship*, 794 F.3d 341, 343 (2d Cir. 2015) (the FAA "requires a stay of proceedings when all claims are referred to arbitration *and a stay requested*" (emphasis added)).

Any pending motions are moot.  All conferences are cancelled.  The Clerk of Court is respectfully directed to CLOSE the case.

Dated: January 19, 2024
      New York, New York

                                 SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

3